COLUMBIA RY., GAS & ELECTRIC CO. v. S. C. TAX COMMIS-
SION *ET AL.*

(132 S. E., 611)

TAXATION—CORPORATION AUTHORIZED BY CHARTER TO MANUFACTURE AND
SELL GAS AND TO PROVIDE ELECTRIC MOTOR POWER HELD ENGAGED IN
BUSINESS OF MANUFACTURING GAS AND ELECTRICITY WITHIN LAW
PROVIDING FOR TAXATION ON SUCH BUSINESS (ACT DEC. 16, 1852 [12
ST. AT LARGE, P. 184]; SPEC. ACT DEC. 24, 1887 [19 ST. AT LARGE, P.
1103]; ACT DEC. 24, 1890 [20 ST. AT LARGE, P. 969]; SPEC. ACT DEC. 16,
1891 [20 ST. AT LARGE, P. 1453]; ACT MARCH 26, 1923, § 11-A [33 ST.
AT LARGE, P. 12]).—Corporation engaged in gas and electric busi-
ness, chartered by Act Dec. 16, 1852 (12 St. at Large, p. 184), con-
sisting of corporations chartered by Spec. Act Dec. 24, 1887 (19 St.
at Large, p. 1103), and Act Dec. 24, 1890 (20 St. at Large, p. 969),
consolidated into present corporation by Spec. Act Dec. 16, 1891
(20 St. at Large, p. 1453), incorporation Acts granting power to
manufacture and sell gas, contract and provide electric motor
power, *held* engaged in business of manufacturing gas and elec-
tricity within provisions of Act March 26, 1923, § 11-A (33 St. at
Large, p. 12), providing for assessment of tax against such cor-
porations.

Before FEATHERSTONE, J., Richland, March, 1925. Af-
firmed.

Action by the Columbia Railway, Gas & Electric Com-
pany against Walter G. Query and others, constituting the
South Carolina Tax Commission. From a judgment for
defendants, plaintiff appeals.

*Mr. J. B. S. Lyles,* for appellant, cites: *Are gas and
electric companies manufacturers:* 10 A. L. R., 1269 and
notes. *Intention of legislature important in construing
statute:* 25 R. C. L., 960. *License tax laid on manufac-
turers:* Acts of 1923, No. 11, Secs. 11-A and 12. *His-
tory important in construing statute:* 118 S. C., 498; 116
S. C., 466; 114 S. C., 511; 104 Ind., 541; 4 N. E., 675; 138
N. E., 196; 30 Mo., 550; 25 Fed. Cas. No. 14, 833; 3
Blatchf., 325; Endlich on Interpretation of Stat., Sec. 44.
*Gas and electric companies classed as public utilities:* Civ.

320 Cola. Ry., Etc., Co. v. S. C. Tax Commission

Arguments [134 S. C.

Code, 1922, Secs. 4811–4813; 32 Stat., 938; 32 Stat. 951; Civ. Code, 1922, Chap. XIV, Arts. 4, 5, 7 and 8; Civ. Code, 1912, Secs. 361–363; Civ. Code, 1922, Secs. 413–425; 24 Stat. 462; 29 Stat. 125; 32 Stat. 947. *Presumption against legislative intention to abandon long established policy:* 101 A., 834; Endlich on Interpretation of Statutes, Sec. 369. *Interpretation of statute long adopted by those charged with its execution important:* 25 R. C. L., 1043. *Court takes judicial notice of legislative journals:* 2 C. J., 102; 2 S. C., 150. *Proceedings of legislature aid interpretation of statute:* 25 R. C. L., 1039; 230 U. S., 184; 57 L. Ed., 1446; Ann. Cas., 1915-A., 315; 202 U. S., 484; 50 L. Ed., 1117. *Statute must be construed so as to avoid unconstitutional discrimination:* 124 S. E., 761; 258 U. S., 204; 66 L. Ed., 566. *Reasonable doubt in tax statute to be resolved in favor of taxpayer:* 128 S. C., 14; 121 S. E., 478.

*Messrs. John M. Daniel, Attorney-General,* and *Cordie Page, Assistant Attorney-General,* for respondents, cite: *License tax laid on manufacturers:* Acts of 1923, No. 11, Secs. 11-A and 12. *Appellant chartered:* 12 Stat. 167; 19 Stat. 1103; 20 Stat. 969; 20 Stat. 1453. *Electric Company is manufacturing corporation:* 193. Penn., 245; 44 A., 326; 70 N. J. L., 684; 58 A., 935; 18 Col., 346; 32 P., 989; 20 L. R. A., 241; 96 Ala., 295; 11 So., 381; 38 A. S. R., 94; 159 Ind., 252; 64 N. E., 880; 188 Ky., 570; 222 S. W., 958; 10 A. L. R., 1269; 129 N. Y., 543; 29 N. E., 808; 14 L. R. A. (N. S.), 907. *Ordinary meaning to be given words in statute:* 113 S. C., 99; 101 S. E., 285; 1 Strob. Eq., 283; 38 Nev., 232; 148 P., 556; 169 N. C., 34; 85 S. E., 49; 302 Ill., 304; 21 A. L. R., 636; 134 N. E., 290; 266 U. S., 243; 69 L. Ed., 265; 197 U. S., 22; 49 L. Ed., 648; 45 L. Ed., 1179; 21 Sup. Ct., 912; 182 U. S., 452; 45 L. Ed., 1179; 2 Wheat, 122; 4 L. Ed., 529; 16 Hous., 251; 14 L. Ed., 925. *Rule of strict construction does not*

*apply where legislative intent is clear from examination of whole statute:* 124 S. E., 765. *Legislative journals not competent to change clear meaning of statute:* 144 U. S., 548; 36 L. Ed., 537.

April 6, 1926.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"This is an appeal from an order, dated March 31, 1925, dismissing the complaint brought to recover $211.20, being the amount of tax assessed against plaintiff under Section 11-A of the Act Approved March 26, 1923, and entitled 'An Act to Raise Revenue for the Support of the State Government.' 33 Stat. 12.

"This amount was one mill on the·receipts of plaintiff corporation from the sale of gas and electricity during the months of May and June, 1923, and was assessed against plaintiff under Section 11-A of that statute, commonly known as 'Manufacturer's Tax Act.' The amount was paid under protest and this suit brought as provided in Section 22 of the statute.

"The case was heard on the complaint and answer, together with certain exhibits filed, and the admissions made by plaintiff's attorney as stated in Judge Featherstone's order. The Circuit Court ruled that plaintiff was engaged in the business of manufacturing within Section 11-A as to both its gas and electric business, and must pay that tax on the entire receipts of both of such departments of its business."

The three exceptions present the single question whether the plaintiff is "engaged in the business of manufacturing," with reference to its gas and power business, and whether it must pay the manufacturer's tax on the gross receipts from those businesses under Section 11-A of the Act of 1923.

The Columbia Gas Light Company was chartered by an Act of the Legislature in 1852 (12 Stat. 184). Section 2 of that Act provides:

"That the said corporation shall have full power and authority to manufacture, make, and sell gas, to be made of rosin, coal, oil, turpentine or other material, and to furnish such quantities of gas as may be required in or near the Town of Columbia, for lighting the streets, stores, manufactories, and buildings," etc.

The Congaree Gas & Electric Company was incorporated by special Act of the Legislature, December 24, 1887 (19 Stat. 1103). Section 2 of this Act is as follows:

"That said corporation shall have full power and authority to manufacture, make and sell gas, to be made of rosin, coal, oil, turpentine, or other material, and to furnish such quantities of gas as may be required in or near the City of Columbia, for lighting the streets, stores, manufactories and buildings there situate, and for heating and other purposes; to lay pipes or other conductors for conducting gas through the streets, alleys, lanes and squares of the City of Columbia aforesaid, or its vicinity; and the said corporation shall have full power and authority to carry on and conduct the business of using electricity for any purpose, and of manufacturing light, heat and power, or either or all of them, by electricity or any other agent or agents whatsoever, within the said State and to the inhabitants thereof, for lighting and heating the streets, roads, lanes, alleys, avenues and public grounds of the several cities, towns and villages thereof, and for lighting the stores, manufactories, residences and all other buildings therein, and steamboats, railroad cars, locomotives, or for other transportation or industrial purposes, and for such purposes to erect or lay all necessary poles, pipes and conductors, subject to proper municipal ordinance and restriction, and the supplying of power to carry on and conduct the business of dealing in

dynamo-electric machines, voltaic arcs, and incandescent lamps, regulators, meters, and other apparatus, devices and appliances which may be used, or applied in producing light or power by electricity or in connection therewith; and the said corporation shall have full power and authority to erect shops, works and such other buildings as may be necessary or desirable, and to purchase, take, hold, sell and convey in fee simple, or for less estate, any lands, tenements, or hereditaments, goods, chattels, rights and credits, which may be connected with or in any manner conducive to the purposes for which said company is established; to issue bond or bonds of the company, secured by mortgage or otherwise, in such amount or manner as the said corporation may determine."

The Columbia Electric Street & Suburban Railway & Electric Power Company was incorporated by an Act of the Legislature December 24, 1890 (20 Stat. 969). Section 5 of that Act provides:

"That the said company shall have power to construct or acquire single or double railway tracks, of such gauge as they may elect, through any street or streets of the City of Columbia, with consent of city council, and to extend the same five miles into the country, in any direction * * * they may wish, from the State Capitol. And the said company is authorized and empowered to contract for and provide electric motor power for any other purpose or purposes."

The two last named corporations were consolidated by Special Act Dec. 16, 1891 (20 Stat. 1453), into the Columbia Electric Street Railway, Light & Power Company. Section 2 of this Act is as follows:

"That upon such consolidation 'the Columbia Electric Street Railway, Light & Power Company' shall be vested with all the rights, franchises, powers, and privileges conferred upon the consolidating companies," etc.

The name of this company was changed to the Columbia Railway, Gas & Electric Company by charter from the Secretary of State. It will be seen from the sections quoted that the charters under which the plaintiff is operating authorize it to manufacture gas and electricity. If it is engaged in the business of manufacturing gas and electricity; then it is within the provisions of Section 11-A of our statutes.

We do not think that there is any doubt that the appellant is engaged in the business of manufacturing gas and electricity, and it is clearly within the provisions of Section 11-A of our statutes, and we see no error in the order of his Honor, Judge Featherstone, as complained of.

The exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE and STABLER and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.